IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBBIE M. BOSWELL, # 38634-177 §<br>        Petitioner,                             §<br>                                                       §<br>v.                                                   §<br>                                                       §<br>UNITED STATES OF AMERICA,    §<br>        Respondent.                          § | CIVIL NO. 3:16-CV-1810-K<br>(Criminal No. 3:08-CR-326-K-1) |

MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons that follow, Petitioner is **GRANTED** 14 days from the date of this order to respond regarding the one-year statute of limitations, otherwise the section 2255 motion will be summarily dismissed as time barred.

I. BACKGROUND

In 2009, Petitioner pled guilty to possession with intent to distribute and distribution of a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, and was sentenced to 120 months in prison (60 months on each count to run consecutively). Crim. Doc. 27. She did not appeal. And in 2015, the Court denied her motion to reduce sentence under the 2014 Drug Guideline Amendments. Crim. Doc. 32.

On June 27, 2016, Petitioner filed this section 2255 motion, challenging her

sentence as unconstitutional under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the ACCA, 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2 at 4. Regarding the timelines of her section 2255 motion, Petitioner relies on *Johnson*. Doc. 2 at 12.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). As set out below, the Court grants Petitioner an opportunity to respond to the statute of limitations ruling.

### A. Limitations

Petitioner apparently relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year statute of limitations, since otherwise, the section 2255 motion is clearly untimely under section 2255(f)(1). Over six years elapsed between December 2009, when Petitioner's conviction first became, final and her initiation of this action. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).

Petitioner's reliance on section 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case because her sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted without change at sentencing) calculated Petitioner's base offense level for drug possession under U.S.S.G. § 2D1.1, and for possession of a firearm in furtherance of a drug trafficking crime under U.S.S.G. § 2K2.4(b). *See* Crim. Doc. 31 at 9-10, PSR ¶¶ 27, 34; Crim. Doc. 31-2 at 1, Statement of Reasons. Moreover, because Petitioner pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime – not use and carry of a firearm during a crime of violence – the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue. Crim. Doc. 31 at 10, PSR ¶ 34.

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v.*

*United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), Petitioner was not sentenced as a career offender as previously noted. Thus, her claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*. Section 2255(f)(3) is, therefore, not applicable in this case.

Likewise, sections 2255(f)(2) and (4) are inapplicable in this case. Petitioner does not appear to base her claims on a government created impediment, and the facts supporting her ground for relief should have been known prior to the date on which her conviction became final.

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### B. Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor her *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty,*

530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry her burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III.

Petitioner is **GRANTED** 14 days from the date of this order to explain why this case is not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. Otherwise, the motion to vacate sentence under 28 U.S.C. § 2255 will be summarily dismissed with prejudice as barred by the one-year statute of limitations.

The motion to proceed *in forma pauperis* [Doc. 4] is DENIED as moot. No filing fee is due for a motion to vacate sentence under 28 U.S.C. § 2255.

SO ORDERED.

Signed January 12th, 2017.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE